ORIGINAL

EDWARD H. KUBO, JR.        #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON          #4532
Chief, Major Crimes

LORETTA SHEEHAN            #4160
AMY OLSON
Assistant U.S. Attorneys
CHRISTOPHER VAN MARTER     #5768
Special Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: loretta.sheehan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

SEALED
BY ORDER OF THE COURT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 7 2009

at 4 o'clock and 22 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CR 09-00019 DAE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. |
| | ) | |
| Plaintiff, | ) | INDICTMENT |
| | ) | |
| v. | ) | |
| | ) | [18 U.S.C. §§ 1957, 1956(h), |
| HENRY CALUCAG, JR., (01) | ) | 2314, 1341, 1343, 982] |
| a.k.a. Hank Jacinto, | ) | |
| a.k.a. Herman Rubirosa, | ) | |
| DEBRA ANAGARAN, (02) | ) | |
| | ) | |
| Defendants. | ) | |

INDICTMENT

COUNT 1

CONSPIRACY TO COMMIT MONEY LAUNDERING

The Grand Jury charges:

1.   From an exact date unknown, but by February 22, 2005, in the District of Hawaii and elsewhere, the defendants, HENRY CALUCAG, JR., a.k.a. Hank Jacinto, a.k.a. Herman Rubirosa (hereinafter "Calucag"), and DEBRA ANAGARAN (hereinafter "Anagaran"), together and with others known and unknown, did willfully and knowingly conspire with one another to commit certain offenses against the United States, that is, money laundering in violation of Title 18, United States Code, Section 1957 by knowingly engaging and attempting to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the deposit of funds into a financial institution in the United States, and the transfer of funds out of a financial institution in the United States, in an amount of greater than $10,000, such property having been derived from a specified unlawful activity, that is, from a violation of Title 18, United States Code, Section 2314.

I.   SPECIFIED UNLAWFUL ACTIVITY

2.   On an exact date unknown, but by March 19, 1990, Anagaran and Calucag, with the intent to defraud, made the material misrepresentation to a person with the initials "A.S.Y."

2

that Calucag was involved in a legitimate helicopter business known as Rotorcraft Industries, Ltd.

3.   On an exact date unknown, but by March 19, 1990, Calucag, with the intend to defraud, made the material misrepresentation to A.S.Y. that Rotorcraft Industries was associated with Rotorway Aircraft, a legitimate helicopter sales business located in Arizona, knowing full well that Rotorcraft Industries had no association with Rotorway Aircraft.

4.   On an exact date unknown, but by March 19, 1990, Calucag, with the intent to defraud, made the material misrepresentation to A.S.Y. that if A.S.Y. invested $70,000.00 into Rotorcraft Industries, A.S.Y. would enjoy significant returns on his investment, knowing full well that A.S.Y. would not receive any such returns.

5.   By March 19, 1990, A.S.Y. agreed to invest in Rotorcraft Industries.

6.   By March 19, 1990, Calucag and Anagaran told A.S.Y. that A.S.Y. could obtain the $70,000.00 needed to invest in Rotorcraft Industries if A.S.Y. transferred title of his home located at 2824 Peter Street, Honolulu, Hawaii, and allowed Anagaran to obtain a mortgage on the home located at 2824 Peter Street, Honolulu, Hawaii, and designated as tax map key (1)3-4-032-059, and thereafter cause $70,000.00 of the mortgage proceeds to be used as A.S.Y.'s investment in Rotorcraft Industries.

3

7.  By March 19, 1990, A.S.Y. agreed to temporarily transfer title of his home located at 2824 Peter Street, Honolulu, Hawaii, and designated as tax map key (1)3-4-032:059, in order to make an investment into Rotorcraft Industries.

8.  By March 19, 1990, Anagaran and Calucag caused A.S.Y. to sign a false promissory note for $70,000.00, in which A.S.Y. pretended to borrow $70,000.00 from Anagaran.

9.  By March 19, 1990, Anagaran and Calucag caused A.S.Y. to sign a second false promissory note for $210,000.00 in which A.S.Y. pretended to borrow $210,000.00 from Anagaran.

10.  On or about March 19, 1990, Anagaran used the false promissory note in the amount of $70,000.00 acquired from A.S.Y. to obtain a mortgage from First Nationwide Bank in the amount of $210,000.00.

11.  On or about March 22, 1990, Calucag with the intent to defraud, made the material misrepresentation that A.S.Y. could make an additional investment in Rotorcraft Industries for $35,000.00, which would pay for knock-down parts for an "Exec" helicopter, knowing full well that Rotorcraft Industries was not a legitimate business enterprise using or selling or buying knock-down parts for an "Exec" helicopter.

12.  In on or about October 1990, Calucag telephoned A.S.Y. to report that Rotorcraft Industries had sold two helicopters to buyers located in the Republic of the Philippines.

4

13.    In on or about October 1990, Calucag telephoned A.S.Y. to report falsely that A.S.Y. was to receive an $80,000.00 sales commission from the alleged sale, provided that A.S.Y. travel to the Republic of the Philippines to accept the monies personally.

14.    On or about October 12, 1990, A.S.Y. traveled to the Republic of the Philippines.

15.    On an exact date unknown but by October 12, 1990, Calucag and Anagaran caused A.S.Y. to travel from Honolulu, Hawaii to a place outside the United States of America in the execution and concealment of their scheme to defraud A.S.Y.

16.    On an exact date unknown, but after October 12, 1990, A.S.Y. disappeared.

17.    On an exact date unknown but by December 31, 1990, Anagaran demanded that the common law family of A.S.Y. leave the home located at 2824 Peter Street, Honolulu, Hawaii.

18.    On an exact date unknown, but by December 31, 1990, Anagaran and Calucag assumed possession of the home located at 2824 Peter Street, Honolulu, Hawaii.

19.    On an exact date unknown, but by September 6, 2001, Anagaran ceased mortgage payments to First Nationwide Mortgage Corporation and was in default.

20.  On or about January 16, 2004, Anagaran received profits of $350,316.00 as a result of a foreclosure and sale of 2824 Peter Street, Honolulu, Hawaii.

II.  OVERT ACTS OF MONEY LAUNDERING CONSPIRACY

21.  On or about October 1, 2002, Calucag opened account #xxxx-xx6088 at Bank of Hawaii ("BOH") in Honolulu, Hawaii, under the name "H. Jacinto Industries, Ltd., d.b.a Pronetwork Center" (hereinafter "Pronetwork BOH account #xxxx-xx6088").

22.  On or about January 28, 2005, Calucag opened account #xxxx-xxxx3545 at Prudential Bank, later known as Bank of the Philippine Islands ("BPI") in Manila, Republic of the Philippines, under the name "Pronetwork Center" (hereinafter "Pronetwork BPI account #xxxx-xxxx3545").

23.  On or about January 14, 2004, Calucag added Anagaran as a person having signatory authority and access to Pronetwork BOH account #xxxx-xx6088.

24.  On or about January 16, 2004, Anagaran received three Central Pacific Bank cashier's checks, totaling $350,316.45, representing her profits from the foreclosure sale of 2824 Peter Street, Honolulu, Hawaii.

25.  On or about January 16, 2004, Anagaran provided three Central Pacific Bank cashier's checks, totaling

6

$350,316.45, representing her profits from the foreclosure sale of 2824 Peter Street, Honolulu, Hawaii to Calucag.

26.  On or about January 21, 2004, Calucag deposited Central Pacific Bank cashier's check #253986 made payable to Debra Anagaran in the amount of $26,200.00 into Pronetwork BOH account #xxxx-xx6088.

27.  On or about January 21, 2004, Calucag deposited Central Pacific Bank cashier's check #253987 made payable to Debra Anagaran in the amount of $94,800.00 into Pronetwork BOH account #xxxx-xx6088.

28.  On or about January 21, 2004, Calucag deposited Central Pacific Bank cashier's check #253988 made payable to Debra Anagaran in the amount of $229,316.45 into Pronetwork BOH account #xxxx-xx6088.

29.  On or about February 22, 2005, Calucag transferred $321,565.00 from Pronetwork BOH account #xxxx-xx6088 to Pronetwork BPI account #xxxx-xxxx3545 via wire transfer.

All in violation of Title 18, United States Code, Sections 1956(h), 1957(a), 1957(b).

### COUNTS 2-5

### MONEY LAUNDERING

The Grand Jury further charges:

On or about the dates set forth below, in the District of Hawaii and elsewhere, the defendants, HENRY CALUCAG, JR.,

7

a.k.a. Hank Jacinto, a.k.a. Herman Rubirosa (hereinafter "Calucag"), and DEBRA ANAGARAN (hereinafter "Anagaran"), did knowingly engage and attempt to engage in the following monetary transactions by through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the deposit of monetary instruments in a financial institution in the United States and transfer of funds from a financial institution in the United States, such property having been derived from a specified unlawful activity, that is, a violation of Title 18, United States Code, Section 2314, with each transaction constituting a separate count as presented below:

| COUNT | DEFENDANT | DATE | MONETARY TRANSACTION |
|-------|-----------|------|----------------------|
| 2 | Calucag and Anagaran | 01/21/04 | Central Pacific Bank cashier's check #253986 |
| 3 | Calucag and Anagaran | 01/21/04 | Central Pacific Bank cashier's check #253987 |
| 4 | Calucag and Anagaran | 01/21/04 | Central Pacific Bank cashier's check #253988 |
| 5 | Calucag and Anagaran | 02/22/05 | Wire Transfer of $321,565 from Pronetwork BOH to Pronetwork BPI |

All in violation of Title 18, United States Codes, Section 1957 and 2.

8

COUNT 6

WIRE FRAUD

The Grand Jury further charges:

I.   INTRODUCTION

1.   On or about January 25, 2006, pursuant to a Mutual
Release, Indemnification and Settlement Agreement, the defendant
DEBRA ANAGARAN (hereinafter "Anagaran") obtained the opportunity
to repurchase the property located at 2855 Peter Street,
Honolulu, Hawaii, formerly addressed as 2824 Peter Street,
Honolulu, Hawaii, and designated as tax map key (1)3-4-032-059.

2.   Anagaran applied for a mortgage from the New
Century Mortgage Corporation ("NCMC") in order to repurchase the
property under the terms of the Mutual Release, Indemnification
and Settlement Agreement.

3.   NCMC was a national mortgage lending institution.
It maintained offices in the State of California.

II.   THE SCHEME AND ARTIFICE TO DEFRAUD

4.   From an exact date unknown, but by January 12,
2007, in the District of Hawaii and elsewhere, Anagaran, with the
intent to defraud, knowingly devised and intended to devise a
scheme and artifice to obtain money and property from NCMC by
means of materially false and fraudulent pretenses,
representations, and promises.

9

5.  It was part of the scheme and artifice to defraud that Anagaran made the materially false and fraudulent representation to NCMC that she was the Chief Executive Officer (CEO) of "Pro Network Center," knowing full well Pro Network Center was a sham company and that she was not the CEO.

6.  It was further part of the scheme and artifice to defraud that Anagaran made the materially false and fraudulent representation to NCMC that she had been the CEO of Pro Network Center for the past three years, knowing full well that she had not been the CEO of Pro Network Center for the past three years.

7.  It was further part of the scheme and artifice to defraud that Anagaran made the materially false and fraudulent representation to NCMC that she collected a gross monthly income of $25,000, knowing full well that she did not collect a gross monthly income of $25,000.

8.  It was further part of the scheme and artifice to defraud that Anagaran materially misrepresented to NCMC the amount of her assets in her checking and savings accounts at the Bank of Hawaii by artificially inflating her account balances through temporary transfers of funds into her accounts.

III.  <u>WIRE COMMUNICATION</u>

9.  On or about December 26, 2006, within the District of Hawaii, Anagaran, with the intent to defraud, and for the purpose of executing and attempting to execute the scheme and

artifice to defraud, did knowingly cause to be transmitted by means of wire communication, in interstate commerce, $7,419.16 to be sent from her account at BOH located in Honolulu, Hawaii to A+ Escrow's account at Comerica Bank located in Inglewood, California.

All in violation of Title 18, United States Code, Section 1343.

### COUNT 7

### MAIL FRAUD

The Grand Jury further charges:

I.   INTRODUCTION

1-3.   Count 7 incorporates the allegations made in paragraphs 1 through 3 of Count 6 of this Indictment.

II.   THE SCHEME AND ARTIFICE TO DEFRAUD

4-8.   Count 7 incorporates the allegations made in paragraphs 4-8 of Count 6 of this Indictment.

III.   MAILED COMMUNICATION

9.   On or about December 22, 2006, in the District of Hawaii, Anagaran, with the intent to defraud, and for the purpose of executing and attempting to execute the scheme and artifice to defraud, and attempting to do so, did knowingly cause to be transmitted by means of the mail a signed loan application and

other mortgage closing documents to be sent, via Federal Express,

to A+ Escrow, located in San Diego, California.

In violation of Title 18, United States Code, Section

1341.

### COUNT 8

#### FORFEITURE ALLEGATIONS

A.  Upon conviction of the offenses alleged in Counts

1-5 of this Indictment, the defendants, HENRY CALUCAG, JR.,

a.k.a. Hank Jacinto, a.k.a. Herman Rubirosa (hereinafter

"Calucag"), and DEBRA ANAGARAN (hereinafter "Anagaran") shall

forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1),

all property, real or personal, involved in a violation of 18

U.S.C. §§ 1956 and 1957, or any property traceable to such

property, including but not limited to the following:

> A sum of money equal to $350,316.45 in United
> States currency, representing the amount of
> money involved in the money laundering
> offense in violation of 18 U.S.C. §§ 1956(h)
> and 1957 as alleged in Counts 1-5 of this
> Indictment, for which defendants Calucag and
> Anagaran are jointly and severally liable.

B.  Upon conviction of the offense alleged in Count 2

of this Indictment, the defendant Anagaran shall forfeit to the

United States, pursuant to 18 U.S.C. § 982(a)(2)(A), all property

constituting, or derived from, proceeds obtained directly or

indirectly as a result of said violation, including but not

limited to the following:

12

1.  A sum of money equal to $750,000.00 in
United States currency, representing the
amount of proceeds obtained as a result of
the wire fraud offense in violation of
18 U.S.C. § 1343 alleged in Count 6 of this
Indictment.

2.  The fee simple interest in the real
property located at 2855 Peter Street in
Honolulu, Hawaii, titled in the name of Debra
Anagaran, and designated as Tax Map Key
Number (1) 3-4-032-059, together with all
improvements, appurtenances, fixtures,
attachments and easements.

C.  Upon conviction of the offense alleged in Count 3

of this Indictment, the defendant Anagaran, shall forfeit to the

United States, pursuant to 18 U.S.C. § 982(a)(2)(A), all property

constituting, or derived from, proceeds obtained directly or

indirectly as a result of said violation, including but not

limited to the following:

1.  A sum of money equal to $750,000.00 in
United States currency, representing the
amount of proceeds obtained as a result of
the mail fraud offense in violation of
18 U.S.C. § 1341 alleged in Count 7 of this
Indictment.

2.  The fee simple interest in the real
property located at 2855 Peter Street in
Honolulu, Hawaii, titled in the name of Debra
Anagaran, and designated as Tax Map Key
Number (1) 3-4-032-059, together with all
improvements, appurtenances, fixtures,
attachments and easements.

D.  If any of the above-described forfeitable property,

as a result of any act or omission of the Defendant --

1.    cannot be located upon the exercise of due
diligence;

13

    2.    has been transferred or sold to, or deposited with, a third person;

    3.    has been placed beyond the jurisdiction of the Court;

    4.    has been substantially diminished in value; or

    5.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2164(c), to seek forfeiture of any other property of the

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

defendant(s) up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Section 982 and Title 18, United States Code, Section 656, and Title 18, United States Code, Sections 1957(a), 1957(h), 2314, 1343, 1956(a)(1)(B)(i), 1343, 1341.

DATED:   January 7, 2009, at Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson
Foreperson, Grand Jury

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

RONALD G. JOHNSON
Chief, Major Crimes

LORETTA SHEEHAN
Assistant U.S. Attorney

AMY OLSON
Assistant U.S. Attorney

CHRISTOPHER T. VAN MARTER
Special Assistant U.S. Attorney

USA v. Henry Calucag, Jr., and Debra Anagaran
Cr. No.
Indictment

15