ORIGINAL

FLORENCE T. NAKAKUNI      #2286
United States Attorney
District of Hawaii

RONALD G. JOHNSON         #4532
Chief, Major Crimes

WILLIAM L. SHIPLEY        #9066
AMY K. OLSON              #9103
Assistant U.S. Attorneys
CHRISTOPHER VAN MARTER    #5768
Special Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.,
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: William.Shipley@usdoj.gov
        Amy.Olson@usdoj.gov
        cvanmarter@honolulu.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 14 2009

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 09-00019 DAE |
| | ) | |
| Plaintiff, | ) | SUPERSEDING INDICTMENT |
| | ) | |
| v. | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 2314 |
| HENRY CALUCAG JR.,      (01) | ) | 18 U.S.C. § 1956(a)(1)(B)(I) |
| a.k.a. "Hank Jacinto", | ) | 18 U.S.C. § 1957 |
| a.k.a. "Herman Rubirosa", and | ) | 18 U.S.C. § 1341 |
| DEBRA ANAGARAN,         (02) | ) | 18 U.S.C. § 1956(h) |
| | ) | 18 U.S.C. § 982 |
| Defendants. | ) | |

S U P E R S E D I N G   I N D I C T M E N T

### S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury Charges:

I.    BACKGROUND

1.    At all times material to this Superseding Indictment and as set forth herein:

a.    Defendant HENRY CALUCAG JR. (hereinafter "CALUCAG") was a resident of the County of Honolulu, State of Hawaii.

b.    Defendant DEBRA ANAGARAN (hereinafter "ANAGARAN") was a resident of the County of Honolulu, State of Hawaii.

c.    Arthur S.Y. was a resident of the County of Honolulu, State of Hawaii.

d.    Douglas H. was a resident of the County of Honolulu, State of Hawaii.

e.    John E. was a resident of the County of Kauai, State of Hawaii.

f.    Martha H. was a resident of the County of Honolulu, State of Hawaii, and is the mother of Douglas H.

g.    The "Martha L.H. Trust" was created and recorded in the State of Hawaii on or about September 6, 1994.

h.    "ProNetwork Center" was registered under the laws of the Republic of the Philippines on or about October 20,

2

2004, with CALUCAG as its President.

        i.    "PhilAsian Title and Escrow Corporation" was registered under the laws of the Republic of the Philippines on July 5, 2004, with CALUCAG listed with the Philippine Securities and Exchange Commission as its President.

        j.    "H. Jacinto Industries' Ace/Defense, Ltd.," was incorporated in the State of Hawaii on April 8, 1998, with CALUCAG as its President.

        k.    "Rotorcraft Industries Ltd.," was an unregistered fictitious business name used by CALUCAG and ANAGARAN.

        l.    "Rotorway International, Inc.," was a corporation with its principal place of business in the State of Arizona.

## COUNTS 1 - 3
### [18 U.S.C. Section 1343 - Wire Fraud]

The Grand Jury further charges:

        2.    The Grand Jury hereby incorporates the allegations set forth in Paragraph 1 as if set forth herein.

        3.    Beginning on an exact date unknown, but by on or about July 5, 2005, and continuing to on or about May 14, 2006, in the District of Hawaii and elsewhere, defendant HENRY CALUCAG knowingly devised and intended to devise a scheme and artifice to

defraud and a scheme and artifice to obtain money from John E.,
by means of materially false and fraudulent pretenses,
representations and promises, as well as omissions of material
fact, well knowing at the time that such pretenses,
representations, promises and omissions of material fact would be
and were false when made.

I.   SCHEME AND ARTIFICE TO DEFRAUD AND OBTAIN MONEY

4.   On or about an exact date unknown, but by July 5,
2005, CALUCAG caused John E. to agree to purchase a condominium
located in Manila, Republic of the Philippines, through a
Philippine company owned by CALUCAG and operated under the name
"PhilAsian Title and Escrow Corporation," (hereinafter "PhilAsian
Title"), knowing that neither CALUCAG nor PhilAsian Title
intended to consummate the sale of the condominium unit to John
E.

5.   On or about May 3, 2006, John E. traveled from
Honolulu, Hawaii to the Republic of the Philippines to meet
CALUCAG for the purpose of completing the purchase of a
condominium unit from CALUCAG but never completed the
transaction, and was later found dead from gunshot wounds in the
Philippines.

6.   On or about May 11, 2006, CALUCAG traveled from
Honolulu, Hawaii to the Republic of the Philippines, and

thereafter returned to Honolulu, Hawaii on May 23, 2006.

7.   CALUCAG never caused legal title to any condominium unit in the Republic of the Philippines to be transferred to John E.

## II.   MISREPRESENTATIONS

As part of the scheme and artifice to defraud and obtain money, Calucag made material misrepresentations to John E. that:

8.   CALUCAG intended to consummate the sale of a condominium unit in the Philippines through PhilAsian Title and Escrow Corporation, when CALUCAG had no intention of completing such a sale.

9.   PhilAsian Title was a legitimate company conducting business in the Republic of the Philippines, knowing that PhilAsian Title was a shell company that did little business, if any, in the Philippines or elsewhere.

## III.   WIRE COMMUNICATIONS

10.   On or about the dates listed below, for the purpose of carrying out the scheme and artifice to defraud and scheme and artifice for obtaining money, defendant HENRY CALUCAG caused signs, signals and sounds to be transmitted by means of wire and radio communications in foreign commerce by causing signs, signals and sounds to be transmitted in foreign commerce,

5

that is, to and from locations outside the United States:

| COUNT | DATE | WIRE COMMUNICATION |
|-------|------|---------------------|
| 1 | 09/20/2005 | Wire transfer of $130,000 from John E.'s Bermuda Commercial Bank account number xxxx-2801 to PhilAsian's Prudential Bank (Philippines) account number xxxx-3022 |
| 2 | 12/22/2005 | Wire transfer of $35,788.80 from John E.'s Bermuda Commercial Bank account number xxxx-2801 to PhilAsian's Prudential Bank (Philippines) account number xxxx-3022 |
| 3 | 02/08/2006 | Wire transfer of $80,352.79 from John E.'s Bermuda Commercial Bank account number xxxx-2801 to PhilAsian's Prudential Bank (Philippines) account number xxxx-3022. |

All in violation of Title 18, United States Code, Section 1343.

### COUNT 4

[18 U.S.C. Section 2314 - Inducing Foreign Travel By Another In Execution Of A Scheme To Defraud]

The Grand Jury further charges:

11.   The Grand Jury incorporates the allegations set forth in Paragraphs 1 through 9 above as if set forth herein.

12.   On an exact date unknown, but on or about May 3, 2006, in the District of Hawaii and elsewhere, HENRY CALUCAG, having devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of

6

materially false and fraudulent pretenses, representations and promises, as described in Counts 1-3, did induce another person, to wit, John E., to travel in foreign commerce in the execution and concealment of the scheme and artifice to defraud John E. of property having a value of $5,000 or more, in violation of Title 18, United States Code, Section 2314 and 2.

COUNTS 5 - 12

[18 U.S.C. Section 1956(a)(1)(B)(I) -
Money Laundering]

The Grand Jury further charges:

13.  On or about the dates set forth below, in the District of Hawaii and elsewhere, the defendant, HENRY CALUCAG did knowingly conduct, and attempt to conduct, financial transactions affecting interstate and foreign commerce involving the proceeds of specified unlawful activity, to wit, proceeds from the violation of Title 18 United States Code, Section 1343 (wire fraud) described in Counts 1-3 above, and from the violation of Title 18 United States Code, Section 2314 (inducing another to travel in foreign commerce to execute and conceal a scheme to defraud) described in Count 4 above, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity and

7

while conducting and attempting to conduct such financial

transactions knew the property involved in the financial

transactions represented the proceeds of some form of unlawful

activity.

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| 5 | 12/19/2005 | Transfer of $4,975 from PhilAsian's Prudential Bank (Philippines) account number xxxx-3022 to H. Jacinto Industries' Bank of Hawaii account number xxxx-3892 |
| 6 | 01/03/2006 | Transfer of $24,973 from PhilAsian's Prudential Bank (Philippines) account number xxxx-3022 to H. Jacinto Industries' Bank of Hawaii account number xxxx-3892 |
| 7 | 01/17/2006 | Transfer of $29,973 from PhilAsian's Prudential Bank (Philippines) account number xxxx-3022 to H. Jacinto Industries' Bank of Hawaii account number xxxx-3892 |
| 8 | 02/13/2006 | Transfer of $8,985 from PhilAsian's Prudential Bank (Philippines) account number xxxx-3022 to ProNet's Bank of Hawaii account number xxxx-6088 |
| 9 | 03/13/2006 | Transfer of $12,985 from PhilAsian's Prudential Bank (Philippines) account number xxxx-3022 to ProNet's Bank of Hawaii account number xxxx-6088 |
| 10 | 06/02/2006 | Transfer of $7,985 from PhilAsian's BPI account number xxxx-3428, to ProNet's Bank of Hawaii account number xxxx-6088. |
| 11 | 07/28/2006 | Transfer of $9,685 from PhilAsian's BPI account number xxxx-3428 to H. Jacinto Industries' Bank of Hawaii account number xxxx-3892. |
| 12 | 7/28/2006 | Transfer of $9,875 from PhilAsian's BPI account number xxxx-3428 to ProNet's Bank of Hawaii account number xxxx-6088. |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(I) and 2.

## COUNTS 13 - 15

[18 U.S.C. Section 1957 - Money Laundering]

The Grand Jury further charges:

14.   On or about the dates set forth below, in the District of Hawaii and elsewhere, the defendant, HENRY CALUCAG did knowingly engage and attempt to engage in the following monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the deposit of monetary instruments in a financial institution in the United States and transfer of funds from a financial institution in the United States, such property having been derived from a specified unlawful activity, that is, a violation of Title 18, United States Code, Section 1343, described in Counts 1 - 3 above, and a violation of Title 18, United States Code, Section 2314, as described in Count 4 above, with each transaction constituting a separate count as presented below:

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| 13 | 01/03/2006 | Transfer of $24,973 from PhilAsian's Prudential Bank (Philippines) account number xxxx-3022 to H. Jacinto Industries' Bank of Hawaii account number xxxx-3892 |

| 14 | 01/17/2006 | Transfer of $29,973 from PhilAsian's Prudential Bank (Philippines) account number xxxx-3022 to H. Jacinto Industries' Bank of Hawaii account number xxxx-3892 |
| 15 | 03/13/2006 | Transfer of $12,985 from PhilAsian's Prudential Bank (Philippines) account number xxxx-3022 to ProNet's Bank of Hawaii account number xxxx-6088 |

All in violation of Title 18, United States Code, Section 1957 and 2.

### COUNTS 16 and 17

[18 U.S.C. Section 1343 - Wire Fraud]

The Grand Jury further charges:

15.  The Grand Jury incorporates the allegations of Paragraph 1 above as if set forth herein.

16.  Beginning on an exact date unknown, but not earlier than in or about June 2003, and continuing to on or about December 31, 2004, in the District of Hawaii and elsewhere, defendant HENRY CALUCAG knowingly devised and intended to devise a scheme and artifice to defraud and a scheme and artifice to obtain money from Douglas H. and the Martha L.H. Trust, by means of material false and fraudulent pretenses, representations, and promises, as well as omissions of material fact, knowing at the time that such pretenses, representations, and promises would be and were false when made.

10

I.   SCHEME AND ARTIFICE TO DEFRAUD AND OBTAIN MONEY

It was part of the scheme and artifice to defraud and obtain money that:

17.   CALUCAG induced Douglas H. to agree, and Douglas H. did agree, to invest $280,000 in a contemplated computer and internet-related business venture that was to be located in the Republic of the Philippines.

18.   As part of this inducement, CALUCAG caused a "promissory note" in the amount of $280,000, dated June 12, 2003, to be signed by Douglas H. and Martha H. on behalf of the Martha L.H. Trust, stating that Douglas H. and the Martha L.H. Trust had "borrowed" $280,000 from Pronet, and promising to repay that sum within one year.

19.   CALUCAG never intended to include Douglas H. and the Martha L.H. Trust in any computer or internet-related business venture with Pronet in the Republic of the Philippines.

20.   The creation of the false obligation reflected in the promissory note induced Douglas H. to sell the residential property belonging to the Martha L.H. Trust, located at 47-075 Kamehameha Highway, Kaneohe, Hawaii, for the purpose of obtaining the $280,000 needed to repay the "debt" to ProNet, the sale of property having previously been a subject of conversations between Douglas H. and CALUCAG when discussing ways to raise

11

money for a variety of planned business ventures.

21.   CALUCAG assisted Douglas H. in obtaining the signature of Martha H. on a "Power of Attorney" form authorizing Douglas H. to act on her behalf, including the disposition of real property owned by the Martha L.H. Trust, which resulted in Douglas H. causing the residence and real property located at 47-075 Kamehameha Highway, Kaneohe, Hawaii, to be sold for $965,000, $280,000 of which was paid out of escrow to Pronet in satisfaction of the Promissory Note dated June 12, 2003.

22.   CALUCAG convinced Douglas H. to buy a condominium in Manila, Republic of the Philippines, through PhilAsian Title.

23.   CALUCAG induced Douglas H. to transfer $250,000 from First Hawaiian Bank account number xxxx-2154 to PhilAsian Title And Escrow Corporation's (hereinafter "PhilAsian Title") Prudential Bank (Philippines) account number xxxx-3022.

24.   On November 19, 2004, CALUCAG departed Honolulu, Hawaii and arrived in Manila, Philippines, and thereafter returned to Honolulu, Hawaii, on December 23, 2004.

25.   On or about December 15, 2004, Calucag caused Douglas H. to travel from Honolulu, Hawaii to the Republic of the Philippines, and Douglas H. has not been heard from again.

26.   CALUCAG later falsely informed Douglas H.'s wife that Douglas H. was "chasing women" in the southern Philippine

Islands.  On or about December 25, 2004, CALUCAG forwarded to

Douglas H.'s wife an email message purportedly sent by Douglas H.

to CALUCAG that asserted Douglas H. was in the company of another

woman in the southern Philippine Islands, when in fact that email

had been transmitted from an internet address assigned to CALUCAG

by an internet service provider in Manila, Republic of the

Philippines.

    II.  MISREPRESENTATIONS

        As part of the scheme and artifice to defraud and

obtain money, Calucag made material misrepresentations to Douglas

H. that:

        27.  "Pronetwork Center" (hereinafter "Pronet") was a

company conducting business in the Republic of the Philippines

and the United States of America, knowing that Pronet was, in

fact, a company with little, if any, business activity in the

Republic of the Philippines or the United States.

        28.  CALUCAG and Pronet would engage in a computer and

internet-related business venture in the Philippines with Douglas

H. and the Martha L.H. Trust, while CALUCAG had no actual intent

to involve himself and Pronet in any joint business venture with

Douglas H. and the Martha L.H. Trust.

        29.  PhilAsian Title was a legitimate company

conducting business in the Republic of the Philippines, knowing

that PhilAsian Title was a shell company that did little
business, if any, in the Philippines or elsewhere.

    30.   CALUCAG and PhilAsian Title would complete the
sale of a condominium unit to Douglas H. and the Martha L.H.
Trust, knowing that neither CALUCAG nor PhilAsian Title intended
to sell a condominium unit to Douglas H.

    31.   Douglas H. and CALUCAG would work together on the
computer or internet-related business venture they had been
discussing for more than a year, causing Douglas H. to travel
from Honolulu, Hawaii to the Philippines on or about December 15,
2004, when CALUCAG did not intend to work on either venture with
Douglas H.

    III.   <u>THE WIRE COMMUNICATIONS</u>

    32.   On or about the dates listed below, within the
State and District of Hawaii, and elsewhere, for the purpose of
carrying out the scheme and artifice to defraud and scheme and
artifice for obtaining money, defendant HENRY CALUCAG JR. caused
signs, signals and sounds to be transmitted by means of wire and
radio communications in interstate and foreign commerce by
causing signs, signals and sounds to be transmitted in interstate
and foreign commerce, that is, from locations within the State of
Hawaii to locations outside of the State of Hawaii:

14

| COUNT | DATE | WIRE COMMUNICATION |
|-------|------|--------------------|
| 16 | 10/18/2004 | Wire transfer of $62,000 from Martha H. and Douglas H.'s First Hawaiian Bank account number xxxx-3984 to PhilAsian's Prudential Bank (Philippines) account number xxxx-3022 |
| 17 | 12/25/2004 | Email transmission from CALUCAG to Judith H. regarding whereabouts of Douglas H. |

All in violation of Title 18, United States Code, Section 1343 and 2.

### COUNT 18

[18 U.S.C. Section 2314 – Inducing Foreign Travel By Another In Execution Of A Scheme To Defraud]

The Grand Jury further charges:

33. On an exact date unknown, but on or about December 15, 2004, in the District of Hawaii and elsewhere, HENRY CALUCAG, having devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, as described in Counts 16-17, did induce another person, to wit, Douglas H., to travel in foreign commerce in the execution and concealment of the scheme and artifice to defraud Douglas H. and the Martha L.H. Trust of property having a value of $5,000 or more, in violation of Title 18, United States Code, Section 2314 and 2.

15

COUNTS 19 - 21

[18 U.S.C. Section 2314 - Interstate and Foreign
Transportation of Stolen Property]

The Grand Jury further charges:

34.  On or about the dates set forth below, in the District of Hawaii and elsewhere, the defendant, HENRY CALUCAG did knowingly transport, transmit, and transfer in interstate and foreign commerce money of a value of $5,000 or more, knowing the same to have been stolen, converted and taken by fraud.

| COUNT | DATE | TRANSFER OF PROPERTY |
|-------|------|----------------------|
| 19 | 03/10/2005 | Wire transfer of $52,520 from H. Jacinto Industries' Bank of Hawaii account number xxxx-3892 to PhilAsian's Prudential Bank (Philippines) account number xxxx-3022 |
| 20 | 06/28/2005 | Wire transfer of $20,000 from H. Jacinto Industries' Bank of Hawaii account number xxxx-3892 to PhilAsian's Prudential Bank (Philippines) account number xxxx-3022 |
| 21 | 09/06/2005 | Wire transfer of $20,000 from H. Jacinto Industries' Bank of Hawaii account number xxxx-3892 to PhilAsian's Prudential Bank (Philippines) account number xxxx-3022. |

All in violation of Title 18, United States Code, Section 2314.

COUNTS 22 - 24

[18 U.S.C. Section 1956(a)(1)(B)(I) -
Money Laundering]

The Grand Jury further charges:

16

35.  On or about the dates set forth below, in the District of Hawaii and elsewhere, the defendant, HENRY CALUCAG did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce involving the proceeds of specified unlawful activity, to wit, the proceeds from violations of Title 18, United States Code, Section 1343 (wire fraud), described in Counts 16 - 17 above, and the proceeds from a violation of Title 18, United States Code, Section 2314 (inducement of another person to travel in foreign commerce to execute and conceal a scheme and artifice to defraud) described in Count 18 above, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity and while conducting and attempting to conduct such financial transactions knew the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| 22 | 03/10/2005 | Wire transfer of $52,520 from H. Jacinto Industries' Bank of Hawaii account number xxxx-3892 to PhilAsian's Prudential Bank (Philippines) account number xxxx-3022 |
| 23 | 06/28/2005 | Wire transfer of $20,000 from H. Jacinto Industries' Bank of Hawaii account number xxxx-3892 to PhilAsian's Prudential Bank (Philippines) account number xxxx-3022 |

| 24 | 09/06/2005 | Wire transfer of $20,000 from H. Jacinto Industries' Bank of Hawaii account number xxxx-3892 to PhilAsian's Prudential Bank (Philippines) account number xxxx-3022. |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(I) and 2.

### COUNTS 25 - 27

[18 U.S.C. Section 1957 - Money Laundering]

The Grand Jury further charges:

36.   On or about the dates set forth below, in the District of Hawaii and elsewhere, the defendant, HENRY CALUCAG did knowingly engage and attempt to engage in the following monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the deposit of monetary instruments in a financial institution in the United States and transfer of funds from a financial institution in the United States, such property having been derived from a specified unlawful activity, that is, a violation of Title 18, United States Code, Section 1343, described in Counts 16-17 (wire fraud), and Title 18, United States Code, Section 2314 (inducing another person to travel in foreign commerce to execute and conceal a scheme and artifice to defraud) described in Count 18, with each transaction constituting a separate count as presented

18

below:

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| 25 | 03/10/2005 | Wire transfer of $52,520 from H. Jacinto Industries' Bank of Hawaii account number xxxx-3892 to PhilAsian's Prudential Bank (Philippines) account number xxxx-3022 |
| 26 | 06/28/05 | Wire transfer of $20,000 from H. Jacinto Industries' Bank of Hawaii account number xxxx-3892 to PhilAsian's Prudential Bank (Philippines) account number xxxx-3022 |
| 27 | 09/06/2005 | Wire transfer of $20,000 from H. Jacinto Industries' Bank of Hawaii account number xxxx-3892 to PhilAsian's Prudential Bank (Philippines) account number xxxx-3022. |

All in violation of Title 18, United States Code, Section 1957 and 2.

<u>COUNT 28</u>

[18 U.S.C. Section 1956(h) -
Conspiracy to Commit Money Laundering]

The Grand Jury further charges:

37.   The Grand Jury hereby incorporates the allegations set forth in Paragraph 1 as if set forth herein in their entirety.

I.   <u>THE CONSPIRACY</u>

38.   From a precise date unknown to the Grand Jury but not later than on or about January 14, 2004, and continuing to on or about December 19, 2007, in the District of Hawaii and

elsewhere, Defendants HENRY CALUCAG JR., and DEBRA ANAGARAN did knowingly conspire with one another, and with others unknown to the grand jury, to commit one or more offenses against the United States, to wit:

a.   To knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce involving the proceeds of specified unlawful activity, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of a specified unlawful activity  and while conducting and attempting to conduct such financial transactions knowing that the property represented the proceeds of some form of unlawful activity; and

b.   To knowingly engage in and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, and derived from specified unlawful activity.

II.   SPECIFIED UNLAWFUL ACTIVITY

39.   Beginning on an exact date unknown, but by March 1990, through approximately December 1990, Defendants CALUCAG and ANAGARAN, having devised a scheme and artifice to defraud Arthur S.Y. and a scheme and artifice to obtain money from Arthur S.Y.

by means of false and fraudulent pretenses, representations, and promises, induced Arthur S.Y. to travel in foreign commerce in the execution and concealment of the scheme and artifice to defraud Arthur S.Y. of money and property having a value of $5,000 or more in violation of Title 18, United States Code, Section 2314.

40.   CALUCAG and ANAGARAN represented to Arthur S.Y. that CALUCAG and ANAGARAN operated a helicopter sales business known as "Rotorcraft Industries, Ltd." and that Rotorcraft Industries Ltd., was associated with "Rotorway International," a legitimate helicopter company located in Arizona, knowing that Rotorcraft Industries Ltd., had no association with Rotorway International.

41.   CALUCAG and ANAGARAN falsely represented to Arthur S.Y. that if Arthur S.Y. paid CALUCAG and ANAGARAN $70,000 for an interest in Rotorcraft Industries Ltd, Arthur S.Y. would receive money from helicopter sales by Rotorcraft Industries, Ltd., knowing that Arthur S.Y. would not receive any money from helicopter sales by Rotorway Industries, Ltd.

42.   After Arthur S.Y. agreed to pay CALUCAG and ANAGARAN $70,000 in exchange for an interest in Rotorcraft Industries Ltd., CALUCAG and ANAGARAN told Arthur S.Y. that Arthur S.Y. could obtain the needed $70,000 by temporarily

transferring to ANAGARAN the title to his residence, located at 2824 Peter Street, Honolulu, Hawaii, (hereinafter "Peter Street Residence").   CALUCAG and ANAGARAN told Arthur S.Y. that ANAGARAN would obtain a loan to pay the "purchase price" on the "sale" from Arthur S.Y. to ANAGARAN.   Arthur S.Y., in turn, could pay ANAGARAN and CALUCAG the $70,000 from the loan proceeds.

43.   Arthur S.Y. agreed to transfer legal title to the Peter Street Residence to ANAGARAN to assist her in obtaining a loan to "buy" the property from Arthur S.Y., but did so based on a false promise by CALUCAG and ANAGARAN that title to the property would be transferred back to Arthur S.Y. once he began to receive income from his investment in Rotorcraft Industries Ltd.

44.   CALUCAG and ANAGARAN caused Arthur S.Y. to execute a promissory note for $70,000, dated November 1, 1989, which falsely represented that Arthur S.Y. had borrowed $70,000 from ANAGARAN on or before that date.   ANAGARAN later used that promissory note as part of a real estate loan application, to evidence a financial interest by her in the property in place of a down payment.

45.   CALUCAG and ANAGARAN caused Arthur S.Y. to execute a second promissory note for $210,000, dated March 10, 1990, thereby falsely representing that Arthur S.Y. had borrowed an

additional $210,000 from ANAGARAN on or before that date.

46.   CALUCAG and ANAGARAN caused Arthur S.Y. to sign a Warranty Deed transferring title to the Peter Street Residence as part of the sham real property sales transaction, falsely representing that Arthur S.Y. agreed to sell the Peter Street Residence to ANAGARAN for the price of $280,000.

47.   On or about March 19, 1990, ANAGARAN submitted the real estate sales agreement and fraudulent promissory note for $70,000 to First Nationwide Bank as part of an application package to obtain a loan in the amount of $210,000 to be secured by a mortgage on the Peter Street Residence.  The existence of the promissory note falsely suggested that ANAGARAN had an earnest money interest in the Peter Street Residence equivalent to a twenty-five percent (25%) of the $280,000 purchase price.

48.   After paying debts secured by the Peter Street Residence and costs related to the real estate transaction, Arthur S.Y. received the balance of the proceeds from ANAGARAN's loan, a total of $132,840.05, $70,000 of which he transferred to CALUCAG and ANAGARAN as payment for his investment in Rotorcraft Industries, Ltd.

49.   Between March 1990 and October 12, 1990, Arthur S.Y. continued to reside at the Peter Street Residence, and each month during that time period paid to ANAGARAN the money needed

23

by ANAGARAN to make the payment on the First Nationwide loan.

50. In on or about October, 1990, CALUCAG claimed to Arthur S.Y. that Rotorcraft Industries, Ltd., sold two helicopters to buyers in the Republic of the Philippines, and that Arthur S.Y. would receive $80,000 in commissions from the purported sales if Arthur S.Y. traveled from Hawaii to the Republic of the Philippines to accept the money.

51. On or about October 11, 1990, ANAGARAN gave Arthur S.Y. a box with ANAGARAN's name "DEBBIE" on it in distinctive red lettering to carry with him, telling him to carry the box onto the plane. ANAGARAN told Arthur S.Y. to carry the box so that the lettering could be seen as he exited the plane.

52. On or about October 12, 1990, Arthur S.Y. departed Honolulu, Hawaii, for the Philippines taking with him the box given to him by ANAGARAN and has neither returned nor contacted any friends or family since then.

53. Between October 12 and December 31, 1990, CALUCAG and ANAGARAN took up residence at the Peter Street home after evicting Arthur S.Y.'s girlfriend from the residence.

III.  MANNER AND MEANS

54. From on or about May 1, 1990, to on or about September 6, 2001, ANAGARAN made loan payments to First Nationwide Bank and its successors-in-interest on the Peter

24

Street residence.

55.   In or about September 2001, ANAGARAN ceased making payments on the residential loan, and foreclosure proceedings were initiated.

56.   Following the foreclosure sale on the Peter Street Residence, on January 14, 2004, ANAGARAN was paid $350,316 as the net proceeds (after payment of the unpaid loan balance and all expenses related to the foreclosure), in the form of three Central Pacific Bank Cashier's Checks.

57.   From January 14, 2004 to December 19, 2007, portions of the net proceeds were transferred from a Bank of Hawaii account where they were deposited, and re-transferred to various other accounts controlled by CALUCAG or ANAGARAN.

IV.   OVERT ACTS IN FURTHERANCE OF CONSPIRACY

58.   Between January 16 and January 21, 2004, ANAGARAN endorsed the net proceeds, in the form of the three checks from Central Pacific Bank, totaling $350,316, over to CALUCAG, who thereafter deposited them into a Bank of Hawaii account he had opened in 2002 under the name "H. Jacinto Industries, Ltd., d.b.a Pronetwork Center," account number xxxx-6088.

59.   On January 14, 2004, CALUCAG added ANAGARAN's name to the signature card of Bank Of Hawaii account number xxxx-6088, thereby giving her access to the funds in that account.

60.  On or about February 22, 2005, CALUCAG transferred
$321,565 from Bank of Hawaii account number xxxx-6088, to
Prudential Bank account number xxxx-3545, opened in the name
"Pronetwork Center," which account was subsequently renumbered as
Bank of Philippine Islands (hereinafter "BPI") account number
xxxx-1724 after Prudential Bank in the Philippines was acquired
by BPI, and all Prudential Bank Account numbers were changed.

61.  On or about March 16, 2006, CALUCAG and ANAGARAN
caused $8,985 to be wire transferred from Prudential Bank
(Philippines) account number xxxx-3545 to Bank of Hawaii account
number xxxx-6088.

62.  On or about April 28, 2006, CALUCAG and ANAGARAN
caused $99,985 to be wire transferred from BPI account number
xxxx-1724 to Bank of Hawaii account number xxxx-0146.

63.  On or about October 10, 2006, CALUCAG and ANAGARAN
caused $59,985 to be wire transferred from BPI account number
xxxx-1724 to Bank of Hawaii account number xxxx-6088.

64.  On or about October 13, 2006, ANAGARAN drafted
Check No. 103 on Bank of Hawaii account xxxx-6088, payable to
herself, in the amount of $57,000, and deposited it in Bank of
Hawaii, account number xxxx-x227.

65.  On or about June 19, 2007, CALUCAG and ANAGARAN
caused $8,785 to be wire transferred from BPI account number

xxxx-1724 to Bank of Hawaii account number xxxx-3042.

66.  On or about July 5, 2007, CALUCAG and ANAGARAN caused $9,985 to be wire transferred from BPI account number xxxx-1724 to First Hawaiian Bank account number xxxx-9294.

67.  On or about August 6, 2007, CALUCAG and ANAGARAN caused $9,885 to be wire transferred from BPI account number xxxx-1724 to Bank of Hawaii account number xxxx-3042.

68.  On or about October 4, 2007, CALUCAG and ANAGARAN caused $9,485 to be wire transferred from BPI account number xxxx-1724 to Bank of Hawaii account number xxxx-6088.

69.  On or about November 5, 2007, CALUCAG and ANAGARAN caused $9,485 to be wire transferred from BPI account number xxxx-1724 to Bank of Hawaii account number xxxx-6088.

70.  On or about November 23, 2007, CALUCAG and ANAGARAN caused $9,485 to be wire transferred from BPI account number xxxx-1724 to Bank of Hawaii account number xxxx-6088.

71.  On or about December 19, 2007, CALUCAG and ANAGARAN caused $9,485 to be wire transferred from BPI account number xxxx-1724 to Bank of Hawaii account number xxxx-6088.

All in violation of Title 18, United States Code, Sections 1956(h).

COUNTS 29 - 39
[18 U.S.C. 1956(a)(1)(B)(I) and 2 –
Money Laundering]

27

The Grand Jury further charges:

72.  On or about the dates set forth below, in the District of Hawaii and elsewhere, defendants HENRY CALUCAG and DEBRA ANAGARAN, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce involving the proceeds of specified unlawful activity, to wit, from a violation of 18 U.S.C. Section 2314 (inducing foreign travel in the execution or concealment of a scheme to defraud), described in paragraphs 39-56, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity and while conducting and attempting to conduct such financial transactions knew the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

| COUNT | DATE | FINANCIAL TRANSACTION |
|-------|------|----------------------|
| 29 | 03/16/2006 | Wire transfer of $8,985 from ProNet's Prudential Bank (Philippines) account number xxxx-3545 to ProNet's Bank of Hawaii account number xxxx-6088 |
| 30 | 04/28/2006 | Wire transfer of $99,985 from ProNet's Bank of Philippine Islands account number xxxx-1724 to Henry Jacinto's Bank of Hawaii account number xxxx-0146. |

| 31 | 10/10/2006 | Wire transfer of $59,985 from ProNet's Bank of Philippine Islands account number xxxx-1724 to Henry Jacinto's Bank of Hawaii account number xxxx-6088. |
| 32 | 10/13/2006 | Check No. 103 written to ANAGARAN for $57,000, written on ProNet's Bank of Hawaii account number xxxx-6088, and deposited in ANAGARAN's Bank of Hawaii account number xxxx-7227. |
| 33 | 06/19/2007 | Wire transfer of $8,785 from ProNet's Bank of Philippine Islands account number xxxx-1724 to Anagaran's Bank of Hawaii account number xxxx-3042. |
| 34 | 07/05/2007 | Wire transfer of $9,985 from ProNet's Bank of Philippine Islands account number xxxx-1724 to Anagaran's First Hawaiian Bank account number xxxx-9294. |
| 35 | 08/06/2007 | Wire transfer of $9,885 from ProNet's Bank of Philippine Islands account number xxxx-1724 to Anagaran's Bank of Hawaii account number xxxx-3042. |
| 36 | 10/04/2007 | Wire transfer of $9,485 from ProNet's Bank of Philippine Islands account number xxxx-1724 to ProNet's Bank of Hawaii account number xxxx-6088. |
| 37 | 11/05/2007 | Wire transfer of $9,485 from ProNet's Bank of Philippine Islands account number xxxx-1724 to ProNet's Bank of Hawaii account number xxxx-6088. |
| 38 | 11/23/2007 | Wire transfer of $9,485 from ProNet's Bank of Philippine Islands account number xxxx-1724 to ProNet's Bank of Hawaii account number xxxx-6088. |
| 39 | 12/19/2007 | Wire transfer of $9,485 from ProNet's Bank of Philippine Islands account number xxxx-1724 to ProNet's Bank of Hawaii account number xxxx-6088. |

All in violation of Title 18, United States Code,
Section 1956(a)(1)(B)(I) and 2.

COUNTS 40 - 45

[18 U.S.C. Section 1957 and 2 –<br>Money Laundering]

The Grand Jury further charges:

73.  On or about the dates set forth below, in the
District of Hawaii and elsewhere, the defendants, HENRY CALUCAG
and DEBRA ANAGARAN, did knowingly engage and attempt to engage in
the following monetary transactions by, through, or to a
financial institution, affecting interstate and foreign commerce,
in criminally derived property of a value greater than $10,000,
that is, the deposit of monetary instruments in a financial
institution in the United States and transfer of funds from and
to financial institutions in the United States, such property
having been derived from a specified unlawful activity, that is,
a violation of Title 18, United States Code, Section 2314,
described in paragraphs 39-56, with each transaction constituting
a separate count as presented below:

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| 40 | 01/21/2004 | Central Pacific Bank cashier's check #253986 in the amount of $26,200, deposited into ProNet's Bank of Hawaii account number xxxx-6088 |

30

| 41 | 01/21/2004 | Central Pacific Bank cashier's check #253987 in the amount of $94,800, deposited into ProNet's Bank of Hawaii account number xxxx-6088 |
| 42 | 01/21/2004 | Central Pacific Bank cashier's check #253986 in the amount of $229,316.45, deposited into ProNet's Bank of Hawaii account number xxxx-6088 |
| 43 | 02/22/2005 | Wire Transfer of $321,565 from ProNet's Bank of Hawaii account number xxxx-6088 to ProNet's Bank of Philippine Islands account number xxxx-3545 |
| 44 | 04/28/2006 | Wire transfer of $99,985 from Pronetwork Center's Bank of Philippine Islands account number xxxx-1724 to Henry Jacinto's Bank of Hawaii account number xxxx-0146. |
| 45 | 10/10/2006 | Wire transfer of $59,985 from Pronetwork Center's Bank of Philippine Islands account number xxxx-1724 to Henry Jacinto's Bank of Hawaii account number xxxx-6088. |

All in violation of Title 18, United States Codes, Section 1957 and 2.

## COUNT 46

[18 U.S.C. Section 1343 - Wire Fraud]

The Grand Jury further charges:

74.   From an exact date unknown, but by January 12, 2006, in the District of Hawaii and elsewhere, defendant DEBRA ANAGARAN knowingly devised and intended to devise a scheme and artifice to defraud and a scheme and artifice to obtain money and property from New Century Mortgage by means of materially false

and fraudulent pretenses, representations, and promises, as well as omissions of material fact, knowing at the time that such pretenses, representations, and promises of material fact would be and were false when made.

I.   THE SCHEME AND ARTIFICE TO DEFRAUD AND MATERIAL MISREPRESENTATIONS

75.   The Grand Jury hereby incorporates Paragraphs 1, and 39 through 56 above is if set forth herein in their entirety.

76.   On or about January 25, 2006, pursuant to a Mutual Release, Indemnification and Settlement Agreement, defendant ANAGARAN obtained the opportunity to repurchase the property located at 2855 and 2824 Peter Street, Honolulu, Hawaii, Honolulu, Hawaii, and designated as tax map key (1)3-4-032-059.

77.   ANAGARAN applied for a residential loan to be secured mortgage on the Peter Street Residence from the New Century Mortgage Corporation ("New Century Mortgage") in order to acquire the property under the terms of the Mutual Release, Indemnification and Settlement Agreement.

78.   New Century Mortgage was a national mortgage lending institution, with its principal place of business in the State of California.

79.   ANAGARAN made the materially false and fraudulent representation to New Century Mortgage that she was the Chief

Executive Officer ("CEO") of "Pro Network Center," well knowing
that Pro Network Center was a shell company and that she was not
the CEO.

80.   ANAGARAN made the materially false and fraudulent
representation to New Century that she had been the Chief
Executive Officer of Pro Network Center for three (3) years, well
knowing that she had not been the CEO of Pro Network Center for
three (3) years.

81.   ANAGARAN made the materially false and fraudulent
representation to New Century Mortgage that she earned a gross
monthly income of $25,000 from her claimed employment as Chief
Executive Officer of Pro Network Center, well knowing that she
did not have a gross monthly income of $25,000 from Pro Network
Center or any other source.

82.   ANAGARAN materially misrepresented to New Century
Mortgage the amount of her assets in her checking and savings
accounts at the Bank of Hawaii by artificially inflating her
account balances through temporary transfers of funds into those
accounts.

II.   WIRE COMMUNICATIONS

83.   On or about December 26, 2006, within the District
of Hawaii, Anagaran, with the intent to defraud, and for the
purpose of executing and attempting to execute the scheme and

33

artifice to defraud and scheme and artifice for obtaining money, did knowingly cause to be transmitted by means of wire communication, in interstate commerce, $7,419.16 from her bank account at Bank of Hawaii, account number xxxx-7227, to A+ Escrow Company's bank account at Comerica Bank in Inglewood, California, account number xxxx-2644.

All in violation of Title 18, United States Code, Section 1343.

## COUNT 47

[18 U.S.C. Section 1341 - Mail Fraud]

The Grand Jury further charges:

84. The Grand Jury hereby incorporates the allegations in Paragraphs 1 and 39 through 55 above as if set forth herein in their entirety.

I.   THE SCHEME AND ARTIFICE TO DEFRAUD

85. Count 47 incorporates the allegations made in Paragraphs 1, 39-55, and 74-82 of this Indictment.

II.   MAILED COMMUNICATION

86. On or about December 22, 2006, in the District of Hawaii, ANAGARAN, for the purpose of executing and attempting to execute the scheme and artifice, did knowingly cause a signed real estate loan application and other mortgage closing documents to be delivered, via Federal Express, from Honolulu, Hawaii, to

A+ Escrow, located in San Diego, California.

All in violation of Title 18, United States Code, Section 1341.

### FORFEITURE ALLEGATIONS

A.  Upon conviction of one or more of the offenses alleged in Counts 1-3 of this Superseding Indictment, the defendant, HENRY CALUCAG, JR., shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, which constitutes or derived from proceeds traceable to a violation of any offense constituting a "specified unlawful activity" (as defined in Title 18, United States Code, Section 1956(c)(7)), that is, wire fraud offenses in violation of Title 18, United States Code, Section 1343, or a conspiracy to commit such offenses, including but not limited to the following:

> A personal money judgment in a sum up to a
> total of $246,141.59 in United States
> currency, representing the amount of money
> constituting or derived from proceeds
> traceable to the wire fraud offenses alleged
> in Counts 1-3 of this Superseding Indictment.

B.  Upon conviction of one or more of the offenses alleged in Count 5 of this Superseding Indictment, the defendant, HENRY CALUCAG, JR., shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal,

involved in a money laundering offense in violation of Title 18,

United States Code, Section 1956 or 1957, or any property

traceable to such property, including but not limited to the

following:

> A personal money judgment in a sum up to a
> total of $109,436 in United States currency,
> representing the amount of money involved in
> the money laundering offenses alleged in
> Counts 5-15 of this Superseding Indictment.

C.   Upon conviction of one or more of the offenses

alleged in Counts 16-17 of this Superseding Indictment, the

defendant, HENRY CALUCAG, JR., shall forfeit to the United

States, pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461(c),

all property, real or personal, which constitutes or derived from

proceeds traceable to a violation of any offense constituting a

"specified unlawful activity" (as defined in Title 18, United

States Code, Section 1956(c)(7)), that is, wire fraud offenses in

violation of Title 18, United States Code, Section 1343, or a

conspiracy to commit such offense, including but not limited to

the following:

> A personal money judgment in a sum up to a
> total of $592,000 in United States currency,
> representing the amount of money
> constituting or derived from proceeds
> traceable to the wire fraud offenses alleged
> in Counts 16-17 of this Superseding
> Indictment.

36

D.   Upon conviction of the offense alleged in Count 18
of this Superseding Indictment, the defendant, HENRY CALUCAG,
JR., shall forfeit to the United States, pursuant to Title 18,
United States Code, Section 981(a)(1)(C) and Title 28, United
States Code, Section 2461(c), all property, real or personal,
which constitutes or derived from proceeds traceable to a
violation of any offense constituting a "specified unlawful
activity" (as defined in Title 18, United States Code, Section
1956(c)(7)), that is, inducement of another to travel in foreign
commerce to execute and conceal a scheme and artifice to defraud
in violation of Title 18, United States Code, Section 2314, or a
conspiracy to commit such offense, including but not limited to
the following:

> A personal money judgment in a sum up to a
> total of $592,000 in United States currency,
> representing the amount of money
> constituting or derived from proceeds
> traceable to the wire fraud offenses alleged
> in Counts 18 of this Superseding Indictment.

E.   Upon conviction of one or more of the offenses
alleged in Counts 19-21 of this Superseding Indictment, the
defendant, HENRY CALUCAG, JR., shall forfeit to the United
States, pursuant to Title 18, United States Code, Section
981(a)(1)(C) and Title 28, United States Code, Section 2461(c),
all property, real or personal, which constitutes or derived from
proceeds traceable to a violation of any offense constituting a

37

"specified unlawful activity" (as defined in Title 18, United

States Code, Section 1956(c)(7)), that is, the interstate and

foreign transportation of stolen property offenses in violation

of Title 18, United States Code, Section 2314, or a conspiracy to

commit such offense, including but not limited to the following:

> A personal money judgment in a sum up to a
> total of $92,520 in United States currency,
> representing the amount of money
> constituting or derived from proceeds
> traceable to the wire fraud offenses alleged
> in Counts 19-21 of this Superseding
> Indictment.

F.  Upon conviction of one or more of the offenses

alleged in Counts 22-24 of this Superseding Indictment, the

defendant, HENRY CALUCAG, JR., shall forfeit to the United

States, pursuant to 18 U.S.C. § 982(a)(1), all property, real or

personal, involved in a money laundering offense in violation of

Title 18, United States Code, Section 1956, or any property

traceable to such property, including but not limited to the

following:

> A personal money judgment in a sum up to a
> total of $92,520 in United States currency,
> representing the amount of money involved in
> the money laundering offenses alleged in
> Counts 22-24 of this Superseding Indictment.

G.  Upon conviction of one or more of the offenses

alleged in Counts 25-57 of this Superseding Indictment, the

defendant, HENRY CALUCAG, JR., shall forfeit to the United

38

States, pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in a money laundering offense in violation of Title 18, United States Code, Section 1957, or any property traceable to such property, including but not limited to the following:

> A personal money judgment in a sum up to a total of $92,520 in United States currency, representing the amount of money involved in the money laundering offenses alleged in Counts 25-27 of this Superseding Indictment.

H.  Upon conviction of the offense alleged in Count 28 of this Superseding Indictment, the defendants, HENRY CALUCAG, JR. and DEBRA ANAGARAN, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in a money laundering offense in violation of Title 18, United States Code, Sections 1956 and 1957, or any property traceable to such property, including but not limited to the following:

> A personal money judgment in a sum up to a total of $275,380 in United States currency, representing the amount of money involved in the money laundering offenses alleged in Count 28 of this Superseding Indictment, for which defendants CALUCAG and ANAGARAN are jointly and severally liable.

I.  Upon conviction of one or more of the offenses alleged in Counts 29-39 of this Superseding Indictment, the defendants, HENRY CALUCAG, JR. and DEBRA CALUCAG, shall forfeit

ANAGARAN

to the United States, pursuant to 18 U.S.C. § 982(a)(1), all

property, real or personal, involved in a money laundering

offense in violation of Title 18, United States Code, Section

1956, or any property traceable to such property, including but

not limited to the following:

> A personal money judgment in a sum up to a
> total of $291,550 in United States currency,
> representing the amount of money involved in
> the money laundering offenses alleged in
> Counts 29-39 of this Superseding Indictment,
> for which defendants CALUCAG and ANAGARAN are
> jointly and severally liable.

J.   Upon conviction of one or more of the offenses

alleged in Counts 40-45 of this Superseding Indictment, the

defendants, HENRY CALUCAG, JR. and DEBRA ANAGARAN, shall forfeit

to the United States, pursuant to 18 U.S.C. § 982(a)(1), all

property, real or personal, involved in a money laundering

offense in violation of Title 18, United States Code, Section

1957, or any property traceable to such property, including but

not limited to the following:

> A personal money judgment in a sum up to a
> total of $831,851.45 in United States
> currency, representing the amount of money
> involved in the money laundering offenses
> alleged in Counts 40-45 of this Superseding
> Indictment, for which defendants CALUCAG and
> ANAGARAN are jointly and severally liable.

K.   Upon conviction of the offense alleged in Count 46

of this Superseding Indictment, the defendant, DEBRA ANAGARAN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, which constitutes or derived from proceeds traceable to a violation of any offense constituting a "specified unlawful activity" (as defined in Title 18, United States Code, Section 1956(c)(7)), that is, wire fraud in violation of Title 18, United States Code, Section 1343, or a conspiracy to commit such offense, including but not limited to the following:

> (1)  A personal money judgment in the
> sum of $750,000 in United States
> currency, representing the amount
> of money constituting or derived
> from proceeds traceable to the wire
> fraud offense alleged in Count 42 46
> of this Superseding Indictment; and

> (2)  The fee simple interest in the real
> property located at 2855 Peter Street in
> Honolulu, Hawaii, titled in the name of
> Debra Anagaran, and designated as Tax
> Map Key Number (1) 3-4-032-059, together
> with all improvements, appurtenances,
> fixtures, attachments and easements.

L.   Upon conviction of the offense alleged in Count 47 of this Superseding Indictment, the defendant, DEBRA ANAGARAN, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, which constitutes or derived from proceeds traceable to a violation of

any offense constituting a "specified unlawful activity" (as

defined in Title 18, United States Code, Section 1956(c)(7)),

that is, mail fraud in violation of Title 18, United States Code,

Section 1341, or a conspiracy to commit such offense, including

but not limited to the following:

> (1) A personal money judgment in the
>     sum of $750,000 in United States
>     currency, representing the amount
>     of money constituting or derived
>     from proceeds traceable to the mail
>     fraud offense alleged in Count ~~13~~ 47
>     of this Superseding Indictment; and

> (2) The fee simple interest in the real
>     property located at 2855 Peter Street in
>     Honolulu, Hawaii, titled in the name of
>     Debra Anagaran, and designated as Tax
>     Map Key Number (1) 3-4-032-059, together
>     with all improvements, appurtenances,
>     fixtures, attachments and easements.

M.   If any of the above-described forfeitable property,

as a result of any act or omission of the Defendants --

> 1.   cannot be located upon the exercise of due
>      diligence;

> 2.   has been transferred or sold to, or deposited
>      with, a third person;

> 3.   has been placed beyond the jurisdiction of the
>      Court;

> 4.   has been substantially diminished in value; or

//

//

5.    has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), as incorporated by Title 18

United States Code, Section 982(b) and Title 28, United States

Code, Section 2164(c), to seek forfeiture of any other property

of the Defendants up to the value of the above forfeitable

property.

All in violation of Title 18, United States Code,

Sections 981, 982, 1341, 1343, 1956, 1957, and 2314, and Title

28, United States Code, Section 2164(c).

DATED: October 14, 2009, at Honolulu, Hawaii.

A TRUE BILL

/s/Foreperson

_____

Foreperson, Grand Jury

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

_____

ELLIOT ENOKI
First Assistant U.S. Attorney

_____

WILLIAM L. SHIPLEY
Assistant U.S. Attorney

43

AMY OLSON
Assistant U.S. Attorney


CHRISTOPHER T. VAN MARTER
Special Assistant U.S. Attorney


USA v. Henry Calucag, Jr., and Debra Anagaran
Cr. No. 09-00019 DAE
"Superseding Indictment"