ORIGINAL

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR.
Criminal Chief

WILLIAM L. SHIPLEY
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: William.Shipley@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 25 2013

at _____ o'clock and _____ min. _____ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 09-00019 LEK-002 |
| ) | |
| Plaintiff, ) | MEMORANDUM OF PLEA AGREEMENT |
| ) | |
| vs. ) | Date: January 25, 2013 |
| ) | Time: 10:15 a.m. |
| DEBRA ANAGARAN, (02) ) | Judge: Kevin S.C. Chang |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal

Procedure, the UNITED STATES OF AMERICA, by its attorney, the

United States Attorney for the District of Hawaii, and the

Defendant, DEBRA ANAGARAN (hereinafter ANAGARAN), and her

attorney, Lynn Panagakos, Esq., have agreed upon the following:

1. Defendant acknowledges that she is now charged in

Counts 46 and 47 of Superseding Indictment (hereinafter

Indictment) with violating Title 18, United States Code, Sections 1341 and 1343.   Defendant further acknowledges that the Superseding Indictment contained Forfeiture Allegations that provided notice to Defendant that the government would seek the forfeiture of certain property as part of any sentence imposed in accordance with Federal Rules of Criminal Procedure 32.2.

2.   Defendant has read the charges against her contained in the Superseding Indictment, and those charges have been fully explained to her by her attorney.

3.   Defendant fully understands the nature and elements of the crimes with which she remains charged, and the crime to which she is pleading guilty.

4.   Defendant will enter a voluntary plea of guilty to Count 47 of the Superseding Indictment charging her with mail fraud and agrees to forfeit the real property identified in Paragraph L(2) of the Forfeiture Allegations contained in the Superseding Indictment.   In exchange for Defendant's plea of guilty to Count 47 of the Superseding Indictment, the government agrees to dismiss Count 46 of the Superseding Indictment at the time of sentencing.   The government also agrees not to seek a personal money judgment in the amount of $750,000 as alleged in Paragraph L of the Forfeiture Allegations contained in the Superseding Indictment.

5.   Defendant further agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.   Defendant enters this plea because she is in fact guilty of mail fraud as charged in Count 47 of the Superseding Indictment.  The Defendant further agrees that this plea is voluntary and not the result of force or threats.

7.   Defendant understands that the penalties for the offense to which she is pleading guilty include up to 20 years imprisonment and a fine of up to $250,000, plus a term of supervised release of not more than five (5) years, mandatory restitution pursuant to Title 18, United States Code, Section 3663A, for the full amount of any victims' losses, if any, as determined by the court, and the forfeiture of all property constituting or derived from proceeds Defendant obtained as a result of the offenses alleged in Count 47 of the Superseding Indictment, including but not limited to:

(1)   A personal money judgment in the sum of $750,000.00 in United States currency, representing the amount of money constituting or derived from proceeds traceable to the mail fraud offense alleged in Count 47 of this Superseding Indictment; and

(2)   The fee simple interest in the real property located at 2855 Peter Street in Honolulu, Hawaii, titled in the name of Debra Anagaran, and designated as Tax Map Key Number (1) 3-4-032-059, together with all

3

> improvements, appurtenances,
> fixtures, attachments and easements
> (the "Peter Street Property").

In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for Count 47 to which she is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

8. Defendant admits the following facts, and agrees that they are not a detailed recitation of all the evidence in the case, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

a. In or about December, 2006, the defendant worked through a mortgage broker to apply for "stated asset, stated income" mortgage loans, to be used by her to repurchase the Peter Street Property, Honolulu, Hawaii. The defendant had previously lost the Peter Street Property in foreclosure. Through a private mediation with the buyers in foreclosure, the defendant was given the opportunity to repurchase the Peter Street Property.

4

b.   The "stated asset, stated income" loan sought by the defendant required the borrower to truthfully state her income and employment, with minimal verification done by the underwriter.  If the property appraised at a sufficiently high value in relation to the loan amount, the loan would be approved, but at a higher interest rate than normally would be the case in order to offset the risk of conducting little or no underwriting.

c.   The mortgage broker submitted the defendant's application package to New Century Mortgage Company, a sub-prime mortgage lender.  Based on the application package, New Century Mortgage Company approved two loans to the defendant -- a first mortgage for $600,000, and a second mortgage for $150,000.

d.   In advance of the funding of the loans, on December 21, 2006, in the offices of her attorney, the defendant signed the Form 1003 Real Estate Loan Application and other New Century Mortgage Company paperwork and escrow documents in the presence of an employee of the mortgage broker.  The loan application contained several material misrepresentations to New Century Mortgage Company concerning the defendant's employment and finances.

e.   Among other things, the real estate loan application claimed the defendant was "self-employed" at "ProNetwork Center," located at 1750 Kalakaua Avenue in Honolulu,

5

Hawaii.  The application signed by the defendant stated that she was "CEO" of "ProNetwork," and that she had held this position for the past three years.  The application signed by the defendant stated that the defendant earned a gross salary in that position of $25,000 a month.

   f. According to representatives of New Century Mortgage Company, each of these statements were material to the decision to approve the loans to the defendant, yet none of them were true.

   g. The defendant did not report any income to the Internal Revenue Service from tax years 2003 through 2006.

   h. "ProNetwork Center," also known as "H. Jacinto Industries doing business as ProNetwork Center," did not file any tax documents with the Internal Revenue Service or the State of Hawaii for the period 2001 through 2006.

   i. "ProNetwork Center" has never registered with the Department of Commerce and Consumer Affairs to do business in the State of Hawaii.

   j. A Certificate of Incorporation for "Pronetwork Center Phil, Inc.," was filed with the Republic of the Philippines Securities and Exchange Commission on October 18, 2004, which listed the defendant as an incorporator and stockholder, and co-defendant Calucag as President.

k.   In an interview on October 24, 2006, conducted by a State of Hawaii Pretrial Services Officer, the defendant stated that she held a "clerical" position with ProNetwork Center, and that she assisted co-defendant Henry Calucag to organize the clerical side of the business.

l.   On the website created for "ProNetwork Center, the defendant was listed by name as a member of the "staff" of ProNetwork in September of 2006.

m.   On February 21, 2005, in a sworn deposition conducted as part of the private mediation, the defendant testified under oath with respect to her employment history, and made no mention of being the CEO of ProNetwork Center.

n.   On December 22, 2006, an employee of the mortgage broker took the loan application signed by Defendant, as well the escrow closing documents signed by Defendant, and mailed them, via Federal Express, to A+ Escrow in San Diego, California.

o.   On or about January 11, 2007, the loan and mortgage documents for the two loans were recorded at the Bureau of Conveyances, State of Hawaii.

p.   On or about January 12, 2007, New Century Mortgage Corporation funded the two loans in a total amount $750,000.

q.   Defendant used the proceeds of the New Century Mortgage Corporation loans to repurchase the Peter Street

Property, as well as to pay various fees, costs, and expenses as agreed in the mutual settlement agreement with the buyers in foreclosure.

r.   As a result of the payments made to the buyers in foreclosure with the proceeds of the New Century Mortgage Corporation loans, Defendant obtained title to the Peter Street Property.

s.   Defendant represents that she is the current legal owner of the Peter Street Property.

9.   Defendant agrees to immediately and voluntarily forfeit to the United States all of her right, title, and interest in the Peter Street Property and to take all necessary actions to expeditiously implement this forfeiture and to pass clear title to the Peter Street Property to the United States. These actions on Defendant's part include, but are not limited to, surrender of title, and the signing of a Preliminary Order of Forfeiture, a Final Order of Forfeiture, and any other relevant documents necessary to effectuate the transfer of title to the Peter Street Property to the United States.  Defendant waives all interests in and claims to the Peter Street Property, and hereby consents to the forfeiture of the Peter Street Property to the United States.

Defendant knowingly and voluntarily waives any claim or defense she may have under the Eighth Amendment to the United

8

States Constitution, including any claim of excessive fine or penalty, with respect to the forfeiture of the Peter Street Property.  Defendant knowingly and voluntarily waives all rights to a jury trial on the forfeiture of the Peter Street Property.

Defendant understands and agrees that the forfeiture of the Peter Street Property may be processed through judicial civil or criminal proceedings at the Government's sole discretion. Defendant acknowledges that a parallel federal civil forfeiture action has been filed in the United States District Court for the District of Hawaii against the Peter Street Property.  See United States v. Real Property Located at 2855 Peter Street, etc., Civ. No. 08-00523 JMS RLP (the "Civil Forfeiture Action").  To the extent the Government elects to process the forfeiture of the Peter Street Property through the Civil Forfeiture Action, Defendant acknowledges that she was served with notice of the Civil Forfeiture Action and agrees that she will not assert any claim or challenge to the forfeiture of the Peter Street Property in the Civil Forfeiture Action.  Defendant hereby waives, and agrees to the tolling of, any rule or provision of law limiting the time for commencing, or providing notice of, any administrative or civil judicial forfeiture proceeding with respect to the Peter Street Property, including but not limited to such limitations and requirements contained in 18 U.S.C. § 983, 19 U.S.C. § 1621, and Rule G of the Supplemental Rules

9

for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Defendant agrees to consent promptly upon request to the entry

of any orders deemed necessary by the Government or the Court to

complete the forfeiture and disposition of the Peter Street

Property in this case and/or in the Civil Forfeiture Action.

Defendant waives the requirements of Federal Rules of Criminal

Procedure 32.2 and 43(a) regarding a notice of forfeiture in the

charging instrument, the announcement of forfeiture in

defendant's presence at sentencing, and the incorporation of the

forfeiture in the judgment.  Defendant acknowledges and

understands that, if the Government elects to forfeit the Peter

Street Property in the criminal case, the forfeiture of the Peter

Street Property will be part of the sentence imposed upon

Defendant in this case and Defendant waives any failure by the

Court to advise Defendant of this, pursuant to Federal Rule of

Criminal Procedure 11(b)(1)(J), during the change-of-plea

hearing.  Pursuant to Federal Rules of Criminal Procedure

32.2(b)(4)(A), Defendant will promptly consent to the preliminary

order of forfeiture becoming final as to Defendant before

sentencing if so requested by the Government to do so.

        Defendant agrees that the forfeiture provisions of

this Agreement are intended to, and will, survive Defendant,

notwithstanding the abatement of any underlying criminal

conviction that may occur after the execution of this Agreement.

The forfeitability of any particular property pursuant to this Agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed-upon forfeiture is collected in full.

Defendant further agrees that the forfeiture of the Peter Street Property shall not be treated as satisfaction of any fine, restitution, reimbursement of cost of imprisonment, or any other monetary penalty this Court may impose upon Defendant in addition to the forfeiture.

10.   Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

11.   Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties agree to the following for the purpose of the sentencing of Defendant in connection with this matter:

a.   Due to evidentiary issues involving unavailable witnesses and documentary evidence that is beyond the Court's subpoena power, the government cannot establish the

11

dismissed conduct alleged in Counts 28-45 of the Superseding Indictment against Defendant No. 2, Debra Anagaran, and as a result the dismissed conduct connected to those counts should not be considered as "relevant conduct" under the sentencing guidelines.

b.   As of October 1, 2012, the Peter Street property has a total property tax assessed value of $1,044,100.00.   Pursuant to U.S.S.G. Sec. 2B1.1, Application Note 3(E)(ii), for purposes of guideline calculations only, the loans obtained by fraud by the defendant are adequately secured by the real property pledged as collateral, thus the amount of loss is zero.

c.   The government agrees to not recommend the application of any Special Offense Characteristic(s) that would result in a guideline range of greater than 8-14 months.

d.   The government agrees to recommend a sentence of "time served" if the adjusted guideline range as determined by the Court provides for a sentence of 14 months or less, as the defendant has served approximately 14 months in custody prior to being released on bond.

e.   The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to

12

Defendant.  Accordingly, the United States Attorney anticipates
moving in the Government's Sentencing Statement for a one-level
reduction in sentencing offense level pursuant to Guideline
§ 3E1.1(b)(2), if Defendant is otherwise eligible.  The Defendant
understands that notwithstanding its present intentions, and
still within the Agreement, the prosecution reserves the rights
(1) to argue to the contrary in the event of receipt of new
information relating to those issues, and (2) to call and examine
witnesses on those issues in the event that either the Probation
Office finds to the contrary of the prosecution's intentions or
the Court requests that evidence be presented on those issues.

        12.   The parties agree that notwithstanding the
parties' Agreement herein, the Court is not bound by any
stipulation entered into by the parties but may, with the aid of
the presentence report, determine the facts relevant to
sentencing.

        13.   The Defendant is aware that she has the right to
appeal the sentence imposed under Title 18, United States Code,
Section 3742(a).  Defendant knowingly waives the right to appeal,
except as indicated in subparagraph "b" below, any sentence
within the maximum provided in the statute(s) of conviction or
the manner in which that sentence was determined on any of the
grounds set forth in Section 3742, or on any ground whatever, in

exchange for the concessions made by the prosecution in this plea agreement.

a.   The Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that Defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.   If the Court imposes a sentence greater than the specified guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of the sentence greater than specified in the guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of the sentence in a collateral attack.

c.   The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14.   The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.  Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any

14

Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15.  The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16.  Defendant understands that by pleading guilty, she surrenders certain rights, including the following:

a.  If Defendant persisted in a plea of not guilty to the charges against her, she would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  The Defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b.  If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant

15

and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on her own behalf.  If the witnesses for the Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

e.  At a trial, the Defendant would have a privilege against self-incrimination so that she could decline to

testify, and no inference of guilt could be drawn from her refusal to testify.

       f.  At a trial, the Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substance charged in the Indictment.

       17.  Defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

       18.  Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

       19.  Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

       20.  Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against her, related matters, and any matters in

aggravation or mitigation relevant to the issues involved in

sentencing.

                                    JAN 2 5 2013
            DATED:   ~~December~~ ___, ~~2012~~, at Honolulu, Hawaii.

AGREED:

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii


_____          _____
LES OSBORNE                               DEBRA ANAGARAN
Criminal Chief                            Defendant


_____          _____
WILLIAM L. SHIPLEY                        LYNN PANGAKOS, ESQ.
Assistant U.S. Attorney                   Attorney for Defendant

18